UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLA NORMAN | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 2:17-cv-05181-GAM |
| ALLIED INTERSTATE, LLC | ) | |
| And | ) | |
| LVNV FUNDING, LLC | ) | |
| Defendant | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS PURSUANT TO FED. R. CIV. PROCEDURE
12(b)(6)**

Plaintiff responds in opposition to Defendants' Motion pursuant to Rule

12(b)(6) and, respectfully, requests that Defendants' Motion be denied. The

grounds for Plaintiff's response are set forth in the accompanying Memorandum of

Law, which is incorporated herein by reference.

Respectfully submitted,

MICHAEL P. FORBES, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 55767
200 Eagle Road, Ste. 50
Wayne, PA 19087
(610) 293-9399
michael@mforbeslaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA NORMAN | ) |
|     Plaintiff | ) |
|     v. | )   Civil Action No. 2:17-cv-05181-GAM |
| ALLIED INTERSTATE, LLC | ) |
|     And | ) |
| LVNV FUNDING, LLC | ) |
|     Defendant | ) |

## ORDER

AND NOW, this              day of                            , 2018, upon

consideration of Defendants' Allied Interstate, LLC and LVNV Funding, LLC's

Motion to Dismiss and Plaintiff, Darla Norman's Response in Opposition thereto,

it is ORDERED and DECREED that said Motion is DENIED.

BY THE COURT

_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLA NORMAN | ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:17-cv-05181-GAM |
| ALLIED INTERSTATE, LLC | ) | |
| And | ) | |
| LVNV FUNDING, LLC | ) | |
| Defendant | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

The Fair Debt Collection Practices Act ("FDCPA") applies to debt collectors which includes both third party debt collectors and debt buyers of defaulted debts. Both Defendants are debt collectors under the FDCPA.

The FDCPA provides that a debt collector must give a Notice of validation rights ("Validation Notice") within five days of the initial communication to the consumer. 15 U.S.C. §1692g. The Validation Notice is a mandatory requirement under the FDCPA. The Validation Notice is required to guarantee that consumers would receive "adequate notice of their rights under the FDCPA. Caprio v. Healthcare Recovery Group, LLC, 709 F. 3d 142, 148 (3d Cir. 2013). The Notice must be displayed prominently so that it is conspicuous and not overshadowed by either form or substance so that the least sophisticated consumer is not uncertain of her rights. Id. at 148.

The averments in Plaintiff's Complaint clearly show that Defendants collection letters did not meet the afore-stated requirements.  Plaintiff's averments that the subject letters are deceptive, misleading, unfair, contradictory and

required Notice under 15 U.S.C. §1692g must be viewed as being true at this stage of pleading. Moreover, the Court should allow Plaintiff to present evidence as to her reading of the letters.[1]

## II.   FACTS

The relevant facts, as pled in Plaintiff's Complaint are as follows:

Defendants sent two collection letters to Plaintiff regarding two separate accounts. Each letter contained the following language set forth in five single spaced paragraphs set forth in "block" style:

> "We are a debt collection company and we have been contacted with on behalf of LVNV Funding, LLC to collect the debt noted above. This is an attempt to collect a debt and any information will be used for that purpose."

> Our client is interested in resolving this Account and is willing to consider payment for less than the Amount Owed to satisfy your obligation. Although, we are not obligated to accept any payment proposal, please telephone us to discuss potential settlement options."

> To make a payment, please telephone us at 866-466-3142 or mail your payment using the coupon on the reverse side of this letters. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned"

> Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portions thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of the debt of a copy of a judgment. If you request us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

> "We look forward to receiving your payment.

---

[1] Plaintiff is no longer pursuing a claim under 15 U.S.C. §1692d and f

Sincerely,

Allied Interstate, LLC"

The Notice on Defendants' letters is neither prominent nor conspicuous. It is placed after four paragraphs, three of which contain contradictory language which either request Defendant to make payment for less than the full amount, call to discuss settlement options or to, simply, make a payment which will not be returned.

The Validation Notice is sandwiched between the afore-stated paragraphs and another sentence which assumes that Plaintiff will be making a payment.

## III.   LEGAL STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a plaintiff must state a "`plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). FED. R. CIV. P. 8(a)(2) requires only that a pleading contain "`a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).

The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P.15(a)(2). "If a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." In re New Jersey Title Ins. Litigation, 683 F.3d 451, 462 (3d Cir. 2012).

A claim will survive a Rule 12(b)(6) motion if the Complaint is "supported by showing any set of facts consistent with the allegations in the complaint. Bell

Atlantic Corp. at 563.  The Court must accept all factual allegation as true and construe the complaint in the light most favorable to the plaintiff and determine under a reasonable reading of the complaint if plaintiff has a plausible claim for relief. *Fowler at* 210-11.

When a complaint alleges that a dunning letter is confusing, and thus a violation of § 1692(g), the plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion" McMillan v. Collection Professionals, Inc., 455 F.3d 754, 761 (7th Cir. 2006).

## IV. LEGAL ARGUMENT

### A. LVNV is a debt collector and, therefore, is subject to the FDCPA.

As set forth in Defendants' brief, LVNV is a post-default purchaser of debts. Section I at p. 6. Defendants' position that LVNV is not a debt collector relies upon the U.S. Supreme Court decision in Henson v. Santander USA, Inc.198 L. Ed. 2d 177 (U.S. June 12, 2017), an unpublished Opinion in Chernyakhovskaya v. Resurgent Capital Servs. L.P. No. 2:16-cv-1235 (JLL), 2017 WL 3593115, at * (D.N.J. Aug. 18, 2017) and a North Dakota District Court case, Mitchell v. LVNV Funding, No. 2:12-CV-523-TLS, 2017 WL 4303804 at *8-9 (N.D. Ind. Sept. 28, 2017). As shown below, none of the afore-referenced cases apply and, therefore, Defendants' arguments are nugatory.

Henson does not apply in this case because the Supreme Court made a narrow finding based upon the second prong of the definition of debt collector under 15 U.S.C. § 1692a(6).

Mitchell does not apply because, on December 15, 2017, the Court reconsidered and vacated its Order concerning LVNV's "concerning LVNV's status as a debt collector" where it originally found that LVNV was exempt under the FDCPA. Mitchell v. LVNV Funding, No. 2:12-CV-523-TLS, December 15, 2017 WL 6406594 at *7. Therefore, the case no longer exists for this proposition.

> "Accordingly, the first step in determining whether LVNV is vicariously liable for the acts of Resurgent and/or CMS is to determine if LVNV is indeed a debt collector pursuant to the FDCPA. This issue is one that the Court cannot consider until the jury makes a determination regarding LVNV's principal purpose of business and resultant status as a debt collector. The parties did not otherwise brief whether LVNV may still be vicariously liable for the acts of its agents regardless of whether it is a debt collector, and thus, this issue is insufficiently briefed for this Court's consideration at this time." Id. at *6

In Chernyakhovskaya, the court dismissed plaintiff's FDCPA claim against

defendant LVNV, which had purchased plaintiff's account while it was already in default and then referred the debt for collection to defendant Resurgent, without prejudice to file a second amended complaint to "cure any deficiencies as to the allegations against LVNV", seemingly to see if plaintiff could show that the principal purpose of LVNV's business was the collection of any debts. See Barbato v. Graystone Alliance, LLC M.D. Pa 3:13-2748 WL 5496047 (November 16, 2017).

**1) 15 U.S.C. § 1692a(6)**

Under 15 U.S.C. § 1692a(6), the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Since the definition is disjunctive, the Courts have analyzed the statute as having two prongs of which either may apply.

The first prong under § 1692a(6): ""any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"

The second prong is: "or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another".

The Supreme Court in **Henson** specifically declined to address the the first prong application to Santander in its Opinion[2] stating:  "we do not attempt to" address this "principal purpose" prong because "the parties haven't much litigated that alternative definition and "in granting certiorari we didn't agree to address it." 2017 WL 2507342, *3. Therefore, LVNV's reliance on Henson is misplaced and inapplicable to the case at bar.

### 2) Third Circuit Decisions

Several decisions in the Third Circuit have also applied <u>Henson</u> in finding that debt buyers such as LVNV are liable under the FDCPA. See <u>Martin v. Fein Such Kahn & Shepard</u>, P.C., 2017 WL 2958501, *5 (D.N.J. July 11, 2017) ("[u]nder the FDCPA creditors are treated as debt collectors if they are third-party buyers of debt, and if the debt was in default at the time the third-party purchased it.") <u>Schweer v. HOVG, LLC, Dist. Ct.</u> MD Pennsylvania, No. 3:16-CV-01528, WL 2906504 *5 (M.D. Pa. July 7, 2017) ("**"**Henson does not shield Pendrick from liability, as Pendrick fits in the remainder of the definition of a debt collector unaddressed by Henson"; "[u]nder this definition of debt collector, the unresolved question on the status of the debt at the time of obtaining ownership is irrelevant."

---

[2] The Supreme Court cited *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309 (11th Cir. 2015), when identifying the Circuit conflict precipitating its grant of certiorari expressly referenced the portion of the *Davidson* ruling preserving this distinction, 2017 WL 2507342, *2), and how its ruling still preserved the FDCPA's applicability under the "principal purpose" prong applying to bad debt buyers such as LVNV. 797 F.3d at 1316 n.8.

Schweer was cited in <u>Mitchell</u> in the Court's finding that ""[T]he *Henson* Court
[ ] made clear that its holding in that matter was narrow, and did not address the
applicability of `in any business the principal purpose of which is the collection of
any debts[.]'"

In <u>Schweer</u>, the Court addressed Henson as it applied to debt buyers.

> Under the FDCPA, a debt collector is defined as "any person who
> uses any instrumentality of interstate commerce or the mails in any
> business the principal purpose of which is the collection of any debts,
> or who regularly collects or attempts to collect, directly or indirectly,
> debts owed or due or asserted to be owed or due another." 15 U.S.C. §
> 1692(a)(6). In <u>*Henson v. Santander Consumer USA Inc.,* 137 S.Ct.
> 1718 (2017),</u> the Supreme Court specifically addressed only whether
> or not the defendant could be found a debt collector when attempting
> to collect debts owed to itself as opposed to "another." <u>*Henson,* 137
> S.Ct. at 1721</u>. In holding that they could not, the *Henson* Court
> appears to address circumstances similar to this one, where Pendrick,
> as owner of the debt, and regardless of the origins of the debt, cannot
> be considered a debt collector under the Act for attempting to collect a
> debt that they own. But the *Henson* Court also made clear that its
> holding in that matter was narrow, and did not address the
> applicability of "in any business the principal purpose of which is the
> collection of any debts[.]"<u>*Henson,* 137 S.Ct. at 1721</u>.[2]

The Middle District of Pennsylvania court arrived at a similar conclusion in

<u>Barbato v. Graystone Alliance, LLC</u> M.D. Pa 3:13-2748 WL 5496047 (November

16, 2017):

> In <u>Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir.
> 2014),</u> the Third Circuit delineated the following elements that a plaintiff
> must prove to prevail on an FDCPA claim: "(1) she is a consumer, (2) the
> defendant is a debt collector, (3) the defendant's challenged practice involves

an attempt to collect a `debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."

At issue in this case regarding the reconsideration motion, is whether plaintiff can prove that Crown was a "debt collector" under the FDCPA in light of *Henson,* 137 S.Ct. at 1723-24, which held that "an entity collecting a debt for its own account is not a `debt collector' under the FDCPA even if it purchased the debt when it was in default." Bank of New York Mellon Trust Co. N.A. v. Henderson, 862 F.3d 29, 34 (D.C. Cir. 2017); *Henson,* 137 S.Ct. at 1724 ("So a company collecting purchased defaulted debt for its own account . . . would hardly seem to be barred from qualifying as a creditor under the statute's plain terms."). Crown argues that it merely accepted an assignment of plaintiff's account after her debt was in default and that based on *Henson,* it is not a debt collector.

The question in this case is whether Judge Nealon's holding in his March 30, 2017 decision that Crown qualified as a "debt collector" under the first definition of "debt collector," i.e., "any business the principal purpose of which is the collection of any debts", §1692a(6), is contrary to the *Henson* decision despite the fact that *Henson* explicitly did not address this definition of debt collector. Crown contends that "[a]pplying the ruling in *Henson* to this case, Crown is not, and cannot be considered, a debt collector under the FDCPA" since it is a person to whom a debt is owed, fitting neatly into the FDCPA's definition of "creditor." (Id.). Crown states that since it fits the definition of creditor, it cannot also be a debt collector with respect to plaintiff's account. Thus, Crown contends that it acted on its own behalf, as a creditor, in its collection efforts after it bought plaintiff's account already in default. Crown encourages the court to broadly interpret the definition of a debt collector and it cites to four cases in which courts have done so after *Henson.* (Id. at pp. 4-5). Crown also submitted a notice of supplemental authorities on August 29, 2017, (Doc. 118), listing three additional cases, which were decided after *Henson* and after it filed its reply brief, and which support its position that it is a "creditor." The court does not find the cases cited by Crown in its brief and in its supplement to be persuasive, including the recent case of Chernyakhovskaya v. Resurgent Capital Services L.P., 2017 WL 3593115 (D.N.J. Aug. 18, 2017). In Chernyakhovskaya, the court dismissed plaintiff's FDCPA claim against defendant LVNV which had purchased plaintiff's account while it was already in default and then referred the debt for collection to defendant Resurgent, without prejudice to file a second amended complaint to "cure

any deficiencies as to the allegations against LVNV", seemingly to see if plaintiff could show that the principal purpose of LVNV's business was the collection of any debts.

Simply put, this court declines to expand *Henson* and hold that Crown is not a "debt collector" even though it bought plaintiff's account after it was defaulted and Crown fits the principal purpose definition in §1692a(6). As mentioned, Judge Nealon in his March 30, 2017 Memorandum, (Doc. 100, pp. 25-26), held that "Crown's `principal purpose' is the collection of `debts'" and that it met the principal purpose definition of "debt collector."

The formula utilized by the court in its March 30, 2017 Memorandum to determine whether Crown was acting as a "creditor" or "debt collector" has been followed subsequent to *Henson*. In particular, in Martin v. Fein Such Kahn & Shepard, P.C., 2017 WL 2958501, *5 (D.N.J. July 11, 2017), the court stated that "[u]nder the FDCPA creditors are treated as debt collectors if they are third-party buyers of debt, and if the debt was in default at the time the third-party purchased it." (citing Pollice, 225 F.3d at 403).

This court does not find any of the requisite grounds necessary to grant Crown's motion for reconsideration. Based on the existing record and based on current Third Circuit precedent, this court will adhere to Judge Nealon's finding in his March 30, 2017 Memorandum that Crown meets the definition of a "debt collector" under §1692a(6) of the FDCPA. Thus, it will not address Crown's penultimate argument, namely, that since it is a "creditor", it cannot be vicariously liable for the actions of Turning Point.

In its Motion, Defendant LVNV has acknowledged its role as the post-default purchaser of debts". (Defendants' Motion at Par. I.) Plaintiff's Complaint identified LVNV as a debt collector under §1692a(6). (Plaintiff's Complaint at par. 5) and alleged that it was "in a business the principal purpose of which was the collection of debts". (Plaintiff's Complaint at par. 6).

Under the relevant statute and case law, LVNV is a debt collector under 15 U.S.C. § 1692a(6)

### B. THE LETTER IS DECEPTIVE IN THAT IT HAS TWO DIFFERENT MEANINGS  AND VIOLATES 15 U.S.C. §1692e

When deciding if a debt collection practice violates the FDCPA, the Third Circuit and other courts use "the least sophisticated debtor" standard. This standard is lower than that of a "reasonable debtor," but it still presumes that the debtor reads collection notices with care. Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015), The standard is objective, meaning that a plaintiff does not need to prove he or she was actually mislead or deceived, but rather that the least sophisticated debtor could be misled or deceived by a collection practice. *Id.* at 419.

The Third Circuit has stated that a collection letter is deceptive in violation of § 1692e "when it can reasonably be read to have two or more different meanings, one of which is inaccurate." Brown v. Card Serv. Ctr., 464 F.3d, 44 at 455 (citation omitted). See also Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir. 2008) (quoting Brown v. Card Serv. Center, 464 F.3d 450, 455 (3d Cir. 2006)).

Each letter advises Plaintiff that Defendants are "interested in resolving the account and is willing to consider payment for less than the amount owed" and that Defendants are not obligated to accept any payment proposal and invites Plaintiff to call to discuss potential settlement options.

However, in contradiction of the invitation to call and discuss settlement options, Defendants then instruct Plaintiff "to make a payment, please telephone us at 866-466-3142 or mail a payments. It then goes on to discuss how checks are processed and that Plaintiff's check will not be returned.

The letters then set forth the Validation Notice and in the immediate line after, inform Plaintiff that they look forward to her payment. The last line can be interpreted that Defendants expect Plaintiff to make a payment.

The language of the letter not only obscures the Validation Notice but contradicts itself by conflating the words "payment" with "payment plan" or "making payment" with "calling for payment plan" in its invitation to Plaintiff to discuss settlement and admonition to Plaintiff to make payment.

Defendants' Motion does not address the fact that the letter contains contradictory and confusing language. Instead, Defendant focuses on whether or not there were FDCPA violations due to the debt being time-barred, whether there was a threat of legal action and a settlement offer.

Contrary to Defendants' arguments, Plaintiff's Complaint is clear in its averments that the language of the letter is confusing, misleading, capable of two meanings and, therefore, in violation of 15 U.S.C. §1692e.

## C. THE VALIDATION NOTICE IS OVERSHADOWED AND CONTRADICTED BY THE OTHER LANGUAGE IN THE LETTER IN VIOLATION OF 15 U.S.C. §1692g

Within five days of the initial communication, a debt collector must provide the

consumer with a detailed validation notice which includes the following

information:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after
> receipt of the notice, disputes the validity of the debt, or any portion thereof,
> the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in
> writing within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy of a
> judgment against the consumer and a copy of such verification or judgment
> will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the
> thirty-day period, the debt collector will provide the consumer with the name
> and address of the original creditor, if different from the current creditor.15
> U.S.C. § 1692g(a).

Even though the § 1692g(a) information properly is included in a

communication from a debt collector to a debtor, the debt collector may not

overshadow or contradict that information with other messages sent with the

validation notice or within the validation period. Graziano v. Harrison, 950 F.2d

107, 111 (3d Cir.1991).

A validation notice is overshadowed or contradictory if it would make the

least sophisticated consumer uncertain as to their rights. Caprio, 709 F.3d at

149 (citing Wilson v. Quadremed, 225 F. 3d. 350 (3d. Cir. 1991). As noted

by *Wilson,* a collection letter is deceptive when it can be reasonably read to have

two or more different meanings, one of which is inaccurate. *See* Caprio, 709 F.3d

at 149 (citing Wilson, 225 F.3d at 354). Courts analyze both the substance and the

form of a collection letter in determining whether the language in the letter

contradicts or overshadows the required validation notice. Hishmeh v. Cabot

Collection System, L.L.C., No. 13-4795, 2014 WL 460768, *5 (E.D. Pa. Feb. 5,

2014) (citing Caprio). Whether language in a collection letter violates the FDCPA

is a question of law. Szczurek v. Prof. Mgmt. Inc., 627 F.App'x 57, 60 (3d Cir.

2015) (citing Wilson, 225 F.3d at 353 n.2)).

In Caprio, the Court stated, inter alia: **"**As we pointed out in *Wilson,* the

Second Circuit "ruled that a validation notice `is overshadowing or contradictory if

it would make the least sophisticated consumer uncertain as to her rights.'" "The

Court of Appeals for the Second Circuit elaborated that a collection letter `is

deceptive when it can be reasonably read to have two or more different meanings,

one of which is inaccurate.'" *Id.* (quoting Russell, 74 F.3d at 35)." Caprio at 151.

However, it is not our responsibility to decide whether the debtor or the debt

collector offers "a more appropriate reading" of a debt collection letter. We instead

must interpret the document from the perspective of "least sophisticated debtor."

Designed to protect naïve and even gullible individuals, "the `least sophisticated

debtor' standard is `lower than simply examining whether particular language

would deceive or mislead a reasonable debtor.'" Wilson at 354.

In <u>Graziano</u>, the Court stated:

> To comply with the terms of the Act, statutory notice must not only explicate a debtor's rights; it must do so effectively. Thus, for example, the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. *See Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988)*. More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector. There is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days. *See id.* at 1225-26. A notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor. We conclude that the statutory notice provided by Harrison failed to meet the terms of section 1692g. Graziano at 111.

We agree with the district court that there was a violation of section 1692e(10). We feel, however, that the juxtaposition of two inconsistent statements also rendered the statutory notice invalid under section 1692g. Statutory notice under the Act is to be interpreted from the perspective of the "least sophisticated debtor."[5] *Baker v. G. C. Servs., 677 F.2d 775, 778 (9th Cir.1982)*. To comply with the terms of the Act, statutory notice must not only explicate a debtor's rights; it must do so effectively. Thus, for example, the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. *See Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988)*. More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector. There is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days. *See id.* at 1225-26. A notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor. We conclude that the statutory notice provided by Harrison failed to meet the terms of section 1692g. Id. at 111.

As shown by Defendants' letters, the Validation Notice is not prominently displayed. In fact, quite the opposite is true. The Validation Notice is set in the same theme and size font as the rest of the paragraphs. It is not bolded, italicized nor underlined so as to set it apart as to be prominently displayed and effectively conveyed as required under the Act. Graziano at 111. It is not placed in such a way to be easily readable and prominent enough to be noticed by an unsophisticated consumer. Swanson v. Southern Or. Credit Serv., Inc. 869 F. 2d 1222, 1225 (9th Cir. 1988).

Moreover, Defendants instructions to make a payment, how the payment would be processed, its admonition that the check would not be returned and anticipatory language welcoming payment, obfuscated and contradicted the language of the Validation Notice with no further explanation. Had Plaintiff made a payment which would not be returned, would she be giving up her rights to dispute the validity of the debt. If the debt was disputed and Defendants discovered it was not Plaintiff's debt, she would have unnecessarily paid for someone else's debt or for a debt that did not exist.

Defendants' letter conveys the message that it is expecting payment by repeating the word "payment' no less than six (6) times in each letter and inviting payment. Although, Defendants did not give an explicit deadline in which to pay, the implication to the least sophisticated consumer is that payment should be made

and is expected to be made. A demand for immediate payment has been held to overshadow and contradict the Validation Notice. Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521 (E.D.Pa. 1996).

The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed — even by the least sophisticated debtor. Baker at 778. Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *E.g., Thomas v. National Business Assistants, Inc.,* No. N82-469 (D.Conn. Oct. 5, 1984) ("inconspicuous and grossly overshadowed" notice did "not properly notify recipients of their validation of debt rights"); Ost v. Collection Bureau, Inc. 493 F. Supp. 701, 703 (D.N.D. 1980) (communication must not be designed to "evade the spirit of the notice statute, and mislead the debtor into disregarding the notice"). Swanson at 1226.

## D. CONCLUSION

As set forth herein, Defendants are both Debt Collectors under the FDCPA. Defendants' letters are deceptive and overshadow Plaintiff's rights in violation of the FDCPA. Therefore, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

MICHAEL P. FORBES, ESQUIRE
Attorney for Plaintiff
200 Eagle Road, Ste. 50
Wayne, PA 19087
(610) 293-9399

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLA NORMAN | ) |
|      Plaintiff | ) |
|      v. | ) Civil Action No. 2:17-cv-05181-GAM |
| ALLIED INTERSTATE, LLC | ) |
|      And | ) |
| LVNV FUNDING, LLC | ) |
|      Defendant | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2018, a true and correct copy of the foregoing was filed electronically using CM/ECF which should effectuate service on all counsel of record.

MICHAEL P. FORBES, ESQUIRE